MURPHY, Executor, *v.* MASKELL.

An injunction obtained against an order of seizure and sale should not be perpetuated for the whole amount claimed by the seizing creditor, where a part of the claim is justly due. He is entitled to proceed with the sale for the amount really due. C. P. 743.

MURPHY
v.
MASKELL.

APPEAL from the District Court of St. Mary, *Voorhies*, J.  *Gibbon*, for the plaintiff.  *Maskell*, appellant, *pro se*.  The judgment of the court was pronounced by

SLIDELL, J.  The defendant having obtained an order of seizure and sale, was restrained by an injunction.  Relief was properly granted as to a portion of the claim.  A payment of $1005 had been made on account, and should have been credited.

Whether the payment of $1005 to *Brownson*, the original creditor and the assignor of *Maskell*, was prematurely made, is a question which cannot be raised by the defendant.  He stands in the stead of *Brownson*, who having been paid in part, could not have an order of seizure and sale for the entire amount.  *Maskell's* responsibility, in his capacity of executor of *Dough*, to other parties for the amount paid to *Brownson*, is a subject not properly before us, and which cannot be blended with the consideration of his rights as the assignee of *Brownson*.  We are of opinion, however, that the injunction was improperly perpetuated against the entire claim.  For what is really due, the seizing creditor is entitled to proceed.  See 17 La. 508.  C. P. 743.

It is therefore decreed that the judgment of the court below be reversed, and that the said *Maskell* have leave to proceed in the execution of the order of seizure and sale for the amount of $1,684 82, with interest thereon at the rate of ten per centum per annum from the 13th day of February, 1843, until paid, and costs of the execution of said order of seizure and sale ; and that, as to the residue of the amount claimed by said *Maskell*, the injunction be perpetuated ; the costs of this suit in the court below to be paid by said *Maskell*, and those of this appeal to be paid by the appellee.