## IN THE MATTER OF BUCHANAN'S ESTATE.

Property in this State, acquired by the husband after marriage, but before the passage of the act of April 17th, 1850, is common property under the Mexican law, as that so acquired subsequently is by the statute, and cannot be disposed of by will.

A posthumous child, for whom no provision is made in the will of the father, is entitled to one-half of the separate and common property, where no express intention of the testator to the contrary appears.

The homestead being held in a sort of joint-tenancy, passes, on the death of the husband, to the wife, by right of survivorship, and forms no part of the common property.

APPEAL from the Probate Court of Yuba County.

The deceased, Robert B. Buchanan, died in June, 1855, leaving property, real and personal; some of the real estate having been acquired before, and a portion after, April, 1850. The property, both real and personal, was acquired during marriage. At the time of his death, he left a widow, but no children. A posthumous child of the deceased was born in January, 1856. The deceased left a will, by which he bequeathed a portion of his property to his wife, and the remainder to his relations. No provision was made in reference to the posthumous child. The widow refused to take the legacy under the will, but claimed, before the Probate Court, one-half the community property, after the payment of the testator's debts. The Court made a decree allowing her one-half the property acquired after the seventeenth of April, 1850, but held the property acquired previous to that time, as subject to the disposition of the husband.

The decree further allowed the child the one-half of the real property left by the deceased, after paying the debts of the estate. It further ordered that the debts be paid out of the separate property, (that acquired by deceased before April seventeenth, 1850;) and, inasmuch as the executor had paid a large sum from the proceeds of the common property, for debts and expenses of the estate, it further ordered a sale of the separate property, (reserving the homestead to the widow,) and that out of the proceeds of the sale, he pay the sum before so expended out of the proceeds of the common property, to the widow and child in equal portions, and out of the balance, that he pay the legacies made by the will.

The widow, and the guardian of the child, appealed from those portions of the decree deciding any portion of the estate to be the separate property of the deceased, and ordering a sale thereof, and appropriation of proceeds.

*Field* for Appellants.

1. So far as the rights of the posthumous child of the testator are concerned, it is of no consequence whether the property of which the deceased died possessed be common or separate property, for, in either case, the child is entitled to one-half. § 16 of the act concerning wills, Comp. Laws, 143.

By the first section of the Act of Descents and Distributions, the estate of an intestate, not otherwise limited by marriage contract, descends, where there is a surviving wife, and only one child, in equal shares, to such wife and child.

It is evident, therefore, from the above, that so far as the child is concerned, it is of no moment, whether the property of the deceased is common or separate property. She is entitled to one-half, and so the Court below finds, as a conclusion of law, and yet the conclusion is overlooked in the decree, where the executor is ordered to sell all the real estate situated in San Francisco and Yuba counties, excepting the homestead and certain lots in Marysville. It should have directed the sale of one undivided half of that property if it directed a sale at all. In this particular the decree should be modified on the appeal of the guardian.

2. The Probate Court erred in adjudging that the property of which Buchanan died possessed, which he acquired in California after his marriage with Minerva E. Haun, and previous to April 17, 1850, was his separate property, and could be disposed of by will, and that the same did pass under his will and testament, subject to the payment of his debts, and to the rights of his subsequently born child.

The civil or Mexican law, so far as it relates to the rights of husband and wife, as to property acquired, by either, during the existence of the community, was not repealed, except by the act of April 17, 1850, and then only by necessary implication. It was directly repealed April 22, 1850. What, then, was the civil or Mexican law, in force in California on this subject, previous to our act of April 17, 1850?

Our statute was a re-enactment of the Spanish or Mexican civil law, on the subject of the rights of husband and wife, and our Supreme Court have so intimated. See Panaud v. Jones, 1 Cal. R., 513; Haines v. Castro, 5 Cal., 111.

If the property acquired in California previous to April 17, 1850, was common property, it could not be disposed of by will. On this point I cite, as authority, Beard v. Knox., 5 Cal. R., 257.

The appellants, therefore, ask this Court to adjudge and declare that all the property, real and personal, of which Robert B. Buchanan died possessed, which was acquired by him in the State of California, after his marriage, was common property, one-half of which, upon his death, passed to his surviving wife, Haun, and the other half to his child, subject only to the pay-

Buchanan Estate.

ment of his debts; and that the same could not be disposed of by him by will, and that the last will and testament of the deceased did not operate upon said property.

*Charles Lindley* for Respondents.

It is contended by respondents, that all the property acquired before April 22d, 1850, must be disposed of under the will.

The American emigrants brought with them to California the common law, in the same manner that our ancestors brought it from England to America. Fowler *v.* Smith, 2 Cal., 39.

If this proposition be true, the property must be disposed of under the will.

If the above is not true, then it must depend upon the statutes' and decrees of Mexico, and not upon the civil law. The civil law is not in force in Mexico, any further than adopted by legislative power. Panaud *v.* Jones, 1 Cal., and authorities there cited.

BURNETT, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., concurring.

So far as the rights of the child are concerned, the decree of the Probate Court does not affect them. Whether the property acquired before the passage of the act defining the rights of husband and wife, be held the separate property of the husband, or the common property of the husband and wife, the interest of the child would be the same, under the provisions of the act concerning wills. Wood's Dig., 737. See, also, Statute to regulate Descents and Distributions, Wood's Dig., 423, 4, §§ 1, 10.

By an order of the Probate Court, the homestead and other property not subject to execution was set apart in 1855, for the use of the widow, in pursuance of the tenth section of the Homestead Act, and the one hundred and twenty-first section of the act regulating the settlement of the estates of deceased persons. Wood's Dig., 403, 483.

The homestead is not common property, but a sort of joint-tenancy, with the right of survivorship. Taylor *v.* Hargous, 4 Cal., 273; Revalk and Wife *v.* Kreamer et al., July, 1857.

The separate property of the husband may become the homestead. Ibid.

So far, then, as concerned the homestead, the widow took it by survivorship, and it should not be considered in the distribution of the common property.

The only question remaining to be determined is, whether the property acquired by the testator during the marriage, but before the seventeenth of April, 1850, when the act defining the rights of husband and wife took effect, was his separate property, or belonged to the partnership. This will depend upon the state of the law existing at the time.

The law of Mexico in force here until our statute took effect, was the same, so far as relates to the merits of this question. The property belonged to the community, and upon the death of the husband, the widow took one-half. The husband had the power of disposition while living, but not by will, which could only take effect after his death. Schmidt's Civil Law of Spain and Mexico, 12, 14, Arts. 43, 44, 51, 52; 1 Cal., 513; 5 ibid., 111, 257.

The decree of the Probate Court is reversed, the cause remanded, and that Court will render a decree in conformity with this opinion.