# SMITH *v.* SMITH *et al.*

The purchase of land by the husband, after marriage, with his separate funds acquired by him before marriage, and the taking of a conveyance therefor in the name of his minor children by a former wife, is not a fraud upon the rights of his wife.

The law of this State in relation to the rights of husband and wife, as to the common property, is similar to the law of Louisiana and Texas ; and in those States it is held, by their highest tribunals, that all property acquired, by either spouse, during the existence of the community, is *presumed* to belong to it, and that this presumption can only be overcome by clear and satisfactory proof that it was acquired by the separate funds of one or the other ; and that the burden of proof lies upon the party claiming the property as separate.

Smith *v.* Smith.

Where a brick building was erected on such lots during the existence of the community, the presumption that it was but the form in which the common property was invested, is too cogent to be overcome by loose and unsatisfactory testimony.

The law, in vesting in the husband the absolute power of disposition of the common property as of his separate estate, designed to facilitate its *bona fide* alienation, and to prevent clogs upon its transfer by claims of the wife.

The law will not support a voluntary disposition of the common property, or any portion of it, with the view of defeating any claims of the wife.

A homestead right cannot be asserted merely to a building, independent of the land upon which the building is erected. In the present case, the building is to be regarded only as the form in which the common property was invested, upon the pretense of the husband of having a homestead, but for the real purpose of defeating any claim the wife might have thereto. The beneficent purposes of the statute could not thus be frustrated, and the right of the wife to one-half, upon the dissolution of the marriage, attached.

Where the husband deliberately places a brick building upon the property of his children by a former marriage, after his second marriage, he cannot have any claim upon it or its proceeds. In such case, its character as common property is declared only for the protection of the interest of the wife.

APPEAL from the Sixth District, County of Sacramento.

This was an action brought by the plaintiff, Augusta J. Smith, against the defendant, Frederick C. Smith, for a divorce from the bands of matrimony between the said parties, and a division of the common property.

The plaintiff asked for the dissolution of the marriage contract on the ground of the commission of adultery by the defendant, after his marriage with her. This charge was denied by the answer. The case was tried in the Court below without a jury, and a decree of divorce granted. The question of the separate and common property of the parties was referred to P. L. Edwards, a referee appointed by the Court, to take testimony, find the facts, and report a judgment to the Court.

The parties were married on the fourth day of May, 1852.

In respect to the property of the parties, the complaint charges:

1st. That prior to and at the time of her marriage with defendant, Frederick C. Smith, she was the owner and in possession of lots numbers two and five in the square between M and N and Eighth and Ninth streets, in the City of Sacramento. That these lots were her separate property.

14

2nd. That defendant, Frederick C., on the —— day of June, 1853, sold lot number two, with her consent, and received therefor, to his own use, $1,050.

3rd. That defendant, Frederick C., in 1854 used a portion of this money, together with certain other moneys, the common property of the parties, in the purchase of lots numbers six and seven, adjoining the lots of plaintiff and in the same square.    That this last purchase was intended for his own benefit, but the conveyance was taken in the name of the defendants, Alfonzo B. and George V. Smith, both minor children of the defendant Frederick C. by a former marriage.

4th. That afterwards, in the month of July, 1854, the defendant, Frederick C., with the balance of the purchase money of lot number two, and with other moneys acquired by him since their marriage—which is charged to be common property—erected upon said lot number six a brick building at a cost of $4,500, which building is claimed as the common property of plaintiff and Frederick C.

5th. The minor defendants, Alfonzo B. and George V., possessed no means, either in their own name or that of others, and the conveyance to them was, and is, a fraud upon the plaintiff's rights.

6th. That after the erection of the said brick building, the plaintiff and defendant Frederick C. occupied said building as a homestead, until about the 18th of November, 1856, when the said Frederick C. fraudulently induced plaintiff to vacate same, and that he is now trying to dispose of the same for the purpose of defrauding her.

7th. Plaintiff prays for a dissolution of the marriage contract, etc., and that lot number five, in the square between M and N and Eighth and Ninth streets, may be decreed to be the separate property of herself, and that lots numbers six and seven, in the same square, the common property and homestead of plaintiff and defendant, Frederick C.—that the same be charged, first, with the payment to her of the sum of $1,050, it being the amount of the purchase money of lot number two in the square aforesaid, and that the Court make such order for the division of the common property as the nature of the case may require, etc.

Defendant, Frederick C., in his answer denies :

1st. That plaintiff was the owner of lots numbers two and five.

Smith *v.* Smith.

2nd. That she possessed any property at the time of their marriage.

3rd. Admits that he and his partner did enter upon and improve lot number two, and that they subsequently sold the same for ten or eleven hundred dollars. That such entry was not under any right of plaintiff, nor did they pretend to sell any claim of hers—the deed given by them was a quitclaim.

4th. Defendant alleges, that at the time of their marriage he was worth $20,000.

5th. Five months after marriage, defendant did purchase lots numbers six and seven, and that the purchase was a gift to his two sons, and was not more than a fair proportion of their rights in the property then possessed by him. Denies that any of plaintiff's money was used in such purchase ; and avers that the money was his separate property, etc.

6th. Defendant built the dwelling house with his own funds, and was worth at the time, over and above the two lots, from fifteen to twenty thousand dollars. He gave for the lots eight hundred dollars.

Both the complaint and answer were sworn to.

The referee made his report, from which the following facts are taken :

Parties intermarried about the fourth of May, 1852. At the time of the marriage, Frederick C. owned property in this State to the value of about $16,000. That after the marriage, on the eighteenth of October, 1854, the defendant, Frederick C., consummated a purchase, for which he had previously been negotiating, for the lots numbers six and seven, and took a deed therefor to the defendants, Alfonzo B. and George V. Smith, children of the said Frederick C. by a former marriage, and who were at the time of the respective ages of eleven and thirteen years. At the time of making the purchase, defendant Frederick C. was worth between fifteen and sixteen thousand dollars, and that the conveyance was made to the children by way of advancement from the father. Afterwards, and while yet in affluent circumstances, he erected a brick house thereon, at a cost of $4,000, and the house and lots were worth $4,800, and the same was not an unreasonable advancement to the children. From December, 1854, to the eighteenth of November, 1856, the premises were occupied as a homestead by plaintiff and defendant Frederick C. In the year 1855,

Frederick C. brought his two children from some of the Atlantic States, and they resided with him until the eighteenth of November, 1856, when all parties left the house. The house was erected indifferently with the moneys of the said Frederick C. before the marriage, and those earned by him in the course of his business during the progress of the work, although he had enough of the former to complete the building. At the time of the marriage, the plaintiff did not own exceeding one hundred and fifty dollars, " and I do not believe she had that amount."

She claimed divers lots by virtue of purchase thereof, for taxes assessed thereon, among which were lots numbers two and five, in the block between M and N and Eighth and Ninth streets, in Sacramento city. That after the purchase of these lots, she caused a ditch to be dug on one side of one of these lots, but they were wholly unenclosed on all other sides. After the marriage, the defendant, Frederick C., under color of plaintiff's claim to these lots, took possession, and jointly with one Barclay enclosed the same, and erected some houses thereon at a cost of about $1000. That afterwards, Frederick C. and Barclay sold the improvements for about $950, Smith at the same time selling and quitclaiming the possessory title to said lots. The referee further finds, that both parties are now poor, and recommends that a decree be entered denying the claims of plaintiff to lots numbers six and seven, in block M and N and Eighth and Ninth streets, and that the same be confirmed to the defendants Alfonzo B. and George V. Smith.

A decree was entered accordingly. Plaintiff moved the Court below for a new trial, which was denied, and she appealed to this Court from that portion of the decree disposing of the property.

*Winans* for Appellant.

1st. The voluntary settlement of defendant, F. C. Smith, on his children by a former marriage, was in fraud of the rights of the plaintiff, his wife, and therefore void. Lightfoot v. Colgin, 5 Munford, 51, et seq.

The rights of husband and wife were very similar at common law, and constituted an interest on the part of each against which a fraud

Smith *v.* Smith.

might be committed by the other.   Thus, if a *femme sole*, in contemplation of marriage, made a voluntary settlement of her estate upon another person than her intended husband, the settlement was void as against him, because in fraud of the rights he acquired by the subsequent marriage.

So, if the husband, by voluntary settlement or otherwise, alienate his estate after the wife's right of dower had attached, such right remained notwithstanding such alienation, and the property continued charged therewith.   Black *v.* Jones, 1st A. K. Marshall, 312 ; 2 Blackstone Com. 129, 130, 132 ; Combs *v.* Young, 4 Yerger, 224, '5, '6 ; Hughes *v.* Shaw, Martin & Yerger, 329.

2nd.   In the present case, the conveyance to the infant defendants was not, strictly speaking, a voluntary settlement, but only a purchase in the name of the children.

In Bateman *v.* Bateman, 2d Vernon, 346, a declaration of trust, even by the child himself, was not suffered to prevail against the widow's claim of dower.

Again : a purchase in the name of a child, although presumed *prima facie* to have been intended for his benefit, will not be so considered, when there are circumstances to rebut such presumption ; as, when there are other children who would go unprovided for, or be only scantily provided for.   Pole *v.* Pole, 1st Vesey, 176.

3rd.   The settlement on the infant defendants was fraudulent in fact, as shown by the evidence set forth in the statement.

4th.   The conveyance to the children was fraudulent in law, as well as in fact.

Because it was in derogation of the rights of the wife in the common property, as established by the Act of April 17th, 1850, defining the rights of husband and wife.   See Wood's Digest, 487.

True, by sec. 9th of that Act, it is provided that the husband shall have the like absolute power of disposition of the common property as of his separate estate ; but this section was designed to facilitate the *bona fide* alienation of the property, and to prevent it from being hampered in the possession of *bona fide* purchasers, by equities or legal claims on the part of the wife, and did not refer to, nor embrace, voluntary settlements of the common property made to third persons for

the express purpose of defrauding the wife out of her interest, or even to voluntary settlements made without such intent, but in derogation of the wife's interest.

In the matter of Buchanan's Estate, (8th Cal. 507) it was held, that the common property could not be disposed of by the husband by will. And the same doctrine is held in Beard v. Knox, 5 Cal. 252.

In Petty v. Petty, (4 B. Munroe, 217) it is held, that a man advanced in life, having children by a former wife, contracting a marriage with a woman in moderate circumstances, who two days before the marriage conveyed his property without the knowledge of his wife, cannot thereby deprive his wife of her right of dower in such lands.

In Swain v. Perine, (5 Johns. Chanc. 488) it is also held, that a deed, given by a husband just before marriage, to his daughter, without any consideration and kept a secret until after the marriage, is fraudulent, as against his wife's claim of dower. But the doctrine for which we are contending in this cause, is still more strongly sustained in Questet v. Questet, (Wright's Ohio Rep. 492) where it was held, that a conveyance made without consideration to a son by a former marriage, to deprive the present wife of her subsistence, is void.

F. C. Smith not only used this property as the homestead, but in all his conversations at various times so denominated it; and that, by every act in his power, as well by declaration as by residence, and otherwise, he notoriously set it apart as a homestead, and invested it with the legal attributes thereof. See Cook v. McChristian, 4 Cal. 23; Taylor v. Hargous, 4 Cal. 268, et passim.

*John Heard* for Respondent.

1st. The lots in question were purchased in good faith by F. C. Smith, for the defendants George and Alfonzo Smith, his children by a former marriage, with his own separate estate.

The house was erected by F. C. Smith with his own money, and when he was in affluence, and was not an unreasonable advancement to the defendants George and Alfonzo.

2nd. The purchase being made by F. C. Smith in the name of his two sons, who were not before provided for, the presumption of law is, that the purchase was intended as an advancement, and rebuts the

Smith *v.* Smith.

presumption of a resulting trust to F. C. Smith.    See 2nd Story's Equity Jurisprudence, sec. 1202, *et seq.*

The charge of fraud in fact made by the plaintiff in this case, is without foundation.    The evidence and the finding of the referee both contradict it, and there is nothing to support it.

It is as difficult to see any equity or justice in the plaintiff's case, as to find any law to support her.

In 1852 she was married to the defendant F. C. Smith, who was then wealthy; a few months after the marriage, he made the advance to his two sons, then wholly unprovided for.    When the advance was made, the witnesses and the referee all say it was not disproportionable to the means of her husband, and that he still retained a large fortune.

The plaintiff brought nothing to the marriage, and certainly lost nothing that she had any right to by this act of paternal duty of her husband.    Wood's Digest, p. 487, art. 2605, *et seq.*

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

It is clear that the two lots in question were purchased by the husband with funds owned by him previous to his marriage with the plaintiff.    This he expressly states in his examination, and there is nothing disclosed by the record which contradicts his testimony.    In this separate property of his, the plaintiff possessed no interest which the law could protect so as to restrain his power of absolute disposition, whether by sale or gift.    The purchase of the lots and taking the conveyance in the name of his children by a previous marriage, was not in fraud of any rights of the plaintiff.    She had no claim upon the funds thus applied.    They were the husband's previous to the marriage, and no interest passed to the wife by that event.    The gift to the children was an advancement for their benefit, and was not forbidden by the letter or policy of the law.

But as to the building upon the lots, the case is different.    The building was erected long after their purchase, and with funds which constituted common property.    It is true, the evidence of the husband tends to show that a portion of the funds thus used were his separate property, but its general effect, when considered in connection with

his repeated declarations to different parties, is insufficient to overcome the presumption arising from the fact of the construction being made during the existence of the community.

The law of this State in relation to the rights of husband and wife, as to the common property, is similar to the law of Louisiana and Texas ; and in those States it is held, by their highest tribunals, that all property acquired, by either spouse, during the existence of the community, is *presumed* to belong to it, and that this presumption can only be overcome by clear and satisfactory proof that it was acquired by the separate funds of one or the other ; and that the burden of proof lies upon the party claiming the property as separate.   Lott *v.* Leach, 5 Texas, 394 ;   Houston  *v.*  Civil, 8 Texas, 242 ;   Gilliard *v.* Chesney, 13 Texas, 337 ;  Chapman *v.* Allen, 15 Texas, 278 ;  Claiborne  *v.* Tanner, 18 Texas, 69 ; Ford *v.* Ford, 1 Louisiana, 207 ; Dominguez *v.* Lee, 17 Louisiana, 290 ; Smalley *v.* Lawrence, 9 Rob. 214 ; Fisher *v.* Gordy, 2 La. Ann. 763 ; Webb *v.* Peck, 7 Ann. 92.

In a case decided at the present term, (Meyer *v.* Kinzer and wife) we have had occasion to consider whether  the  possession of property by either spouse during the existence of the community, acquired  by purchase, created a presumption that the property was common ; and we arrived at a conclusion similar to that of the Louisiana and Texas cases, that the presumption of the law is, that all  property belongs  to the community, which can be repelled only by clear and decisive proof that it was either owned before maraiage, or subsequently acquired in one of the particular ways designated in  the statute ; that is, by gift, bequest, devise or  descent, or was taken in  exchange for, or in the investment, or as the price of such  property, so originally owned or acquired ; and that the proof rests upon the party asserting the right.

In the present case, the building was erected during the existence of the community, and the presumption that it was but the form in which the common property was invested, is too cogent to be overcome by the loose and unsatisfactory evidence contained in the record. If the separate property of the husband did, in fact, go into the building, it was essential to the preservation of its separate character, that it should have been clearly and indisputably traced by him.

The law, in vesting in the husband the absolute power of disposition

Smith *v.* Smith.

of the common property as of his separate estate, designed to facilitate its *bona fide* alienation, and to prevent clogs upon its transfer by claims of the wife ; and we are not prepared to say that, under the comprehensive language of the statute, a voluntary settlement, or a gift of a portion of the common property, not being unreasonable with reference to the entire amount, the claims against it and the situation of the parties, would be invalid.    But we think it clear, that the law, notwithstanding its broad terms, will not support a voluntary disposition of the common property, or any portion of it, with the view of defeating any claims of the wife.    The different declarations of the husband, respecting the object of the building, were conflicting ; at one time it was to be used as a homestead, and at another it was placed on the land of his children to deprive the wife of any claim thereto.    If the building can be regarded as a homestead of the parties, she has an interest in it which should have been protected ; but we do not see how a homestead right can be asserted merely to a building, independent of the land upon which the building is erected.    The building is to be regarded only as the form in which common property was invested upon the pretense of the husband of having a homestead, but for the real purpose of defeating any claim the wife might have thereto.    The beneficent purposes of the statute could not thus be frustrated, and the right of the wife to one-half, upon the dissolution of the marriage, attached.

In Beard *v.* Knox, (5 Cal. 252) this Court held that the common property could not be disposed of by the husband by will, so as to defeat the rights of the surviving wife ; and the same doctrine is maintained in the matter of Buchanan's Estate, (8 Cal. 507).    In the first case, the Court said : " Our statute has done away with the common law right of dower, and substituted in its place a half interest in the common property.    This liberal provision was intended for the benefit of the wife, and the intention of so humane and beneficent a law should not be defeated, by adopting a rule of construction which would leave the future maintenance of herself and family entirely at the caprice of the husband."

Voluntary conveyances, given on the eve of marriage, for the purpose of depriving the intended wife of her right of dower, where that

common law right exists, are fraudulent as against her claim. This was so adjudged in Swaine v. Perrine, (5 John. Ch. 482). And upon the same principle, a voluntary disposition by the husband of the common property, or a portion thereof, for the like purpose of depriving the wife of her interest in the same, must be held ineffectual against the assertion of her claim.

It follows, therefore, that the plaintiff, upon the dissolution of the community, was entitled to one-half of the building erected out of the funds of the common property; and, as the title of the land is vested in the children, the separate value of the house and land should be first determined, and a sale then decreed of both, with directions to pay to her one-half of such proportionate part of the proceeds as the value of the house bears to the entire property, the balance and the proceeds of the land being placed in the hands of guardians of the children, and invested, under the direction of the Court, for their benefit. The husband having deliberately placed the building upon the property of his children, cannot himself have any claim upon it or its proceeds. Its character as common property is declared only for the protection of the interest of the wife.

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.