ESTATE OF PETER DONAHUE, DECEASED.

[No. 4,796; decided May 10, 1887.]

Partial Distribution—Petition by Widow.—Where one petitions for partial distribution of an estate, and alleges that she is the widow of deceased, and is desirous of having her share of the community property therein described assigned and distributed to her, it sufficiently appears that the petitioner is an heir. As widow she is included in the statutory term ''heir.''

Partial Distribution—Sufficiency of Petition as Showing Title and Seisin.—Where the widow of a decedent petitions to have her share of the community property assigned to her, by way of partial dis-

tribution, alleging that certain property described in the inventory of the estate, and then particularly describing it, was conveyed to decedent by a particular person named, and on a particular date mentioned, such averments of title in the decedent and seisin at the time of his death are sufficient.

**Partial Distribution—Sufficiency of Petition as Showing Community Property.**—An allegation in the petition of a widow to have her share of the community property assigned to her by way of partial distribution, that the property (describing it) "was acquired by the said deceased after his marriage with your petitioner, to wit" on a day named, "and was not acquired by gift, bequest, devise or descent; but, on the contrary, by purchase for a valuable consideration, and as she is advised and insists was, and is the community property," is sufficient, as a statement of the character of the property. It is sufficient treating the petition as a pleading; but especially so as an application for partial distribution.

**Partial Distribution—Informality of Petition.**—A petition for partial distribution of a decedent's estate should not be treated as severely as a common-law pleading. All that it need show is that the person applying has the status of an applicant as described in the statute, and that the administration of the estate is in a sufficient state of forwardness to authorize a distribution.

**Partial Distribution.**—Whenever the Administration of an Estate has Advanced so far as to be in a sufficient state of forwardness to authorize distribution, it is the duty of the court, upon petition of any party interested, to proceed to a partial distribution, and for that purpose to make the necessary investigation of facts.

**Partial Distribution—Petition by Executrix.**—A party is not incapacitated to apply for partial distribution of a decedent's estate because she is an executrix of his will.

**Partial Distribution.**—Assuming that the Question of Giving a Bond upon partial distribution can be considered upon demurrer to an application for partial distribution, and the objection taken that the party to give the bond is both distributee and executrix—obligor and obligee; the answer is that the law is so written.

**Partial Distribution—Petition by Administrator.**—The Practice of the Court since its institution, in recognizing the right of an heir or devisee, although he is also the representative of the estate, to apply for and have partial distribution, referred to and cases cited.

**Partial Distribution—Petition.**—Various Grounds of Special Demurrers for ambiguity, presented to a petition for partial distribution of a decedent's estate, are overruled in this case.

**Decedent's Widow Applied for Partial Distribution of the Estate,** alleging that "a portion" of it was separate property, and "the other portion" community property, particularly describing and claiming the portion alleged to be community. Demurrer, on the

ground that it appeared from the petition to be necessary to ascertain and determine the title to the property asked to be distributed, and that title could only be determined upon final distributipn, or under section 1664, Code of Civil Procedure, overruled. (See Estate of Jessup, 81 Cal. 408, 21 Pac. 976, 22 Pac. 742, 1028, 6 L. R. A. 594, affirming Coffey, J.)

The opinion of the court in this matter was rendered upon two demurrers (considered together) to an amended petition for a partial distribution of the estate. The petition was presented by the widow of the decedent, asking to have her community rights in the property assigned and distributed to her by way of partial distribution. The following quotations are made from the petition in order to give the exact language of certain important' allegations referred to in the opinion of the court: 1. As to the motive and object of the petition—''That she (petitioner) is desirous of having her share or portion of the community property of herself and the said Peter Donahue assigned and distributed to her (page 2, of petition)''; and your petitioner declines to release, relinquish or assign any claim or interest in common or community property; but, on the contrary, claims her share thereof. Wherefore, your petitioner prays that the said J. Mervyn Donahue and Mary E. Von Schroeder (coexecutors) may be required to answer this petition, and that partial distribution of said estate may be made by order of this court, and that one-half of all of the property hereinabove described and claimed as community property, exclusive of such household furniture as may be set apart to her, be distributed and assigned to her as her share thereof, and that she may have such further and other relief in the premises as may be just and proper (Id., p. 35). 2. As to the relationship and heirship of the petitioner—her status —''The amended petition of Annie Donahue, widow of Peter Donahue, deceased, respectfully shows (page 1 of petition); That your petitioner was married to the said Peter Donahue in the state of California, of which they were both residents, on the sixth day of August, 1864; and since which time they resided in said state continuously until the death of said Peter Donahue (Id., p. 2)''; signed, ''Annie Donahue'' (also by her attorneys) (Id., p. 35); and verified by

her (Id., p. 36). 3. As to the character and quality of the property the title and seisin of the decedent and his estate, etc.—"That the estate of the said deceased has been appraised in the aggregate at the sum of 3,778,312 dollars, whereof a portion is separate property of the said deceased, and (the) other portion is community property of the deceased and your petitioner (page 1 of petition), as to how much and what particular parts of ·the said estate are community property, she alleges that the parcel of land in the city and county of San Francisco, described in the inventory of the estate of the said deceased as follows, viz.: 1, (describing it) . . . . conveyed by Edward Martin to said Peter Donahue January 25, 1879; recorded in Liber X of Deeds, page 10, was acquired by the said Peter Donahue, deceased, after his said marriage with your petitioner, to wit: on or about the twenty-fifth day of January, 1879, and was not acquired by gift, bequest, devise or decedent; but, on the contrary, by purchase for a valuable consideration, and, as she is advised and insists, was and is community property (pages 2 and 3 of petition)"; then follow the descriptions of twenty-nine other parcels of realty, with averments in the same language as above, as to the inclusion of each in the inventory of the estate, the date and record of the· conveyance of each to the decedent, and the character and nature of the acquisition (Id., pp. 3-26); then follows a particular and detailed description of "notes, accounts, stocks, bonds, choses in action, and other personal property embraced in the inventory of said estate and therein described (Id., pp. 26-33)," with the allegation that "all thereof were acquired by the said Peter Donahue in his lifetime, and after his marriage with your petitioner, and was not, nor was any, or either, or any part thereof, acquired by gift, bequest, devise or descent; but, on the contrary, by purchase for a valuable consideration, and, as she is advised and insists, the same, and each and every thereof, were and are community property (Id., pp. 33, 34)"; then follow similar averments respecting an additional chose in action, separately specified on page 34 of the petition. Following these allegations and specifications of the property of deceased is the averment: "Your petitioner further shows that

she has reason to believe, and does believe, that there are other assets and property of the said Peter Donahue, the particulars of which are at present unknown to her, some or all of which are community property; and she prays leave whenever the same, or any part thereof, may be discovered, to have the same, so far as may be necessary, included herein by proper amendment (page 34 of petition).''

There were ten (10) grounds of demurrer taken, seven of the grounds being by way of special demurrer for ambiguity. All of these grounds are fully and separately set out, and enumerated in their order, in the opinion of the court. The opinion also analyzes the various grounds of the demurrers and makes them more clear by stating their ''objective points.'' After an oral argument upon the demurrers, a printed brief was prepared and submitted on behalf of the demurrants, and a reply to this was presented (March 11, 1887) on behalf of Mrs. Donahue. In this printed brief but two points were urged upon the court, viz.: (1) The averment that the property was purchased after marriage for a valuable consideration is ambiguous and uncertain, in not showing and virtually tracing the source of the consideration; and so vulnerable to special demurrer.

''Such valuable consideration may or may not constitute the property, separate property. If the funds constituting the valuable consideration were funds of the community, then of course the property would be community property. While if, on the contrary, such funds constituted the funds of the separate estate of either of the spouses, then the property would not be common property, but would give the separate estate of the spouse out of whose separate funds such consideration proceeded.''

(2) That the statute which gives an heir a right to have partial distribution of the succession is conditioned upon giving a bond for the payment of his proportion of the debts; that this bond must run to the executor or administrator for the creditor's benefit; that where an heir is also the representative of the estate, he cannot give the bond required by the statute (which must be presumed to be the ordinary legal bond), for he would be both obligor and obligee, and thus rob the bond of its usual—and, it must be

held, indispensable—attributes; therefore, the statute must be construed as excepting from its provisions an heir or legatee who is at the same time the legal representative of the estate—such heir is under a disability, has a want of capacity, to apply for a partial distribution.

Inasmuch as all the ten grounds of demurrer are enumerated in the opinion of the court, and apparently considered advisable to be passed upon, it may be of value to notice the positions taken on the oral argument by the demurrants, which were seemingly abandoned or tacitly consented to be put aside, by their printed brief aforesaid. As the petitioner's counsel in their "reply" to this printed brief claimed every advantage that could be considered gained from this apparent waiver of original positions, it has been deemed best to state these positions in the language of such reply brief; especially as there is also given, in a succinct form, the answer of petitioner to each of these positions, as advanced upon the oral argument. We quote from pages 2, 3 and 4 of "Reply to Points on Demurrer" (presented by Mrs. Donahue's counsel, Messrs. Galpin, Scripture and Loughborough), viz.:

"The paper (demurrants' brief) is as remarkable for what it omits, as for its contents. It practically abandons numerous points urged with great apparent earnestness on the oral arguments. Respondents had claimed: 1. That their general demurrer, 'that the petition stated no cause of action,' was good, upon the authority of Dye v. Dye; to which we replied, that Dye v. Dye had been overruled by Gimmy v. Doane, 22 Cal. 637-639; and that the petition stated a cause of action within the latter case. 2. They argued, also, 'that the petition did not allege that Peter Donahue was seised at his death of the various pieces of property described in the petition.' We replied, that the petition did allege 'the date of each conveyance to Peter Donahue as being subsequent to his marriage, and that said property was now in the inventory as part of his estate.' 3. They argued that the petition did not allege 'that the grantor of Peter Donahue was ever seised in fee of the premises described.' We replied, that 'we were not declaring in ejectment, but petitioning for distribution of com-

munity property; and that the widow was entitled to her
share of all property in possession, whether held by titles
good, bad, indifferent or worthless.' 4. They argued that
'the petition should state the probative facts required by
the statute, as was decided in Dye v. Dye, and also it should
not state probative but ultimate facts, as was decided in
authorities read from eastern states.' We replied that the
argument defeated itself, for both propositions contended
for could not be true; and, further, that we did plead the
probative facts of marriage, subsequent acquisition of prop-
erty, etc., and that we also did plead the ultimate fact, that
the property specified was community property, that is,
property of the community; and that ownership, like seisin,
was the ultimate fact. 5. They argued that although 'we
had alleged that the property was purchased for a valuable
consideration after marriage, we should also have alleged
that said property was not purchased with the separate
estate of Peter Donahue.' We replied that, as a general
rule, the pleader was not required to plead negative matter,
because he was not required to prove it; and that this case
came within no exception to that rule. 6. They argued
on the next day, shifting their point from negative to
affirmative, that we 'must prove and allege that the prop-
erty was purchased with community funds.' We replied,
that we were compelled to plead such affirmative matter
only as we were required to prove; that because of the legal
presumption that the purchase was made with community
funds, we were not compelled to plead as claimed; on the
contrary, that respondents should allege and prove that said
property was separate estate, in order to raise and try that
issue. . . . . The points now presented in support of the
demurrer are, by the printed argument, reduced to two. The
others, discussed at such length orally, we may deem aban-
doned."

Finally, attention is directed to the fact that section 1664,
Code of Civil Procedure, referred to in the final (tenth)
ground of demurrer, is the new section added to the probate
law, approved March 18, 1885 (Stats. 1885, pp. 208-210). The
section provides for a proceeding, in the nature of a civil

action, to determine heirship and the status of all claimants to any estate of a decedent in course of administration, being intended to meet such cases as the Blythe estate, for which litigation it was avowedly devised. In the language of the section, "at any time after the expiration of one year from the issuing of letters testamentary or of administration upon a decedent's estate, any person claiming to be heir, or to be entitled to distribution of any part of the estate, may 'file a petition in the matter of such estate, praying the court to ascertain and declare the rights of all persons to said estate and of all interests therein, and to whom distribution thereof should be made' "; whereupon, the elaborate proceedings mentioned in the section for bringing in all claimants, and determining the respective interests of each, shall be taken.

A. H. Loughborough, P. G. Galpin, John T. Doyle, H. D. Scripture, for petitioner, Mrs. Donahue, widow and executrix.

R. H. Lloyd, for J. Mervyn Donahue, executor.

O. P. Evans, for Mrs. Von Schroeder, executrix.

T. I. Bergin, of counsel (against the petition).

COFFEY, J. Annie Donahue, widow of Peter Donahue, deceased, on the fifth day of February, 1887, filed her amended petition in this court, praying for a partial distribution to her of one-half of all of certain property described in said petition claimed by her to be community property. To this petition, on the eleventh day of February, were interposed two separate demurrers on behalf severally of J. Mervyn Donahue, and Mrs. Mary Ellen Von Schroeder, devisees named in the last will of said Peter Donahue, deceased.

### GROUNDS OF THE DEMURRERS.

The points of both demurrers are the same: 1. The insufficiency of the statement of facts. 2. The lack of legal capacity in the petitioner. 3. The petition is ambiguous, uncertain and unintelligible in this: That it is uncertain therefrom whether or not said Peter Donahue left any com-

munity or other property, and there is no direct averment in the petition that he left common or any property; and the fact, if such be the fact, that he did leave common property, appears from said petition only by recital and infer-ence, and not by any direct or positive averment on that behalf.    4. Also, that the petition does not distinctly allege that there was any community property; but alleges merely conveyance of certain parcels of land to the said Peter Don-ahue, at the dates in the petition specified, with the aver-ment that the same was acquired by said Peter Donahue, deceased, after the said marriage with petitioner, and was not acquired by gift, bequest, devise or descent; but, on the contrary by purchase for a valuable consideration, and without stating or alleging whether or not the considera-tion for each and every of the respective purchases in said petition mentioned was or was not funds of the community; or that the persons, or any of them, so conveying, had any title to be conveyed, or that by force of such conveyance said deceased became the owner of the property so con-veyed; also, that it is uncertain and not alleged that the consideration for each of said purchases in said petition mentioned was not part of the separate property and separate funds of said Peter Donahue, and not any portion of the community property or funds of the community. 5. Also, that the petition does not allege that the lands in said petition described, or any part of the same, were or was the property or estate of said Peter Donahue, de-ceased, at the time of his death; or that the same, or part of the same, is now any part or portion of the property or estate of said deceased, or that said Peter Donahue con-tinued to own such several parcels of land from the time of the alleged purchase of the same, as in said petition men-tioned, up to the time of his death, or that such lands are of the character as to entitle the petitioner to partial dis-tribution of the same, or part of the same; and the mere fact that said lands, or any part of said lands, may be found in the inventory or described in the inventory of the estate of said Peter Donahue, deceased, does not prove title in said Peter Donahue, deceased, at the time of his death, or upon petition for distribution thereof, at the time of said appli-

cation. 6. Also, that it is uncertain in this: that the aver-ment therein contained in respect to the several parcels of property therein mentioned and described—that the same were severally acquired at the dates therein alleged, and the same were acquired subsequent to the marriage therein alleged, and that the same were not acquired by gift, be-quest, devise or descent; but, on the contrary, by purchase for a valuable consideration, and, as the petitioner is ad-vised and insists, was and is community property—is not an averment that the same or any part of the same is com-munity property, and no allegation that the petitioner is informed and verily believes that the same or any part of the same is community property; that, while said petitioner may be advised and may insist that the same is community property, such advice and insistence constitute no averment of any issue of material fact, and the same is not the equiva-lent of the apt averment that said petition should in this behalf contain. 7. And that the petition is uncertain in this: that in and from said petition it is uncertain whether the same be merely designed to definitely ascertain what is or what is not common property of said estate, or whether the same is designed for partial distribution of the prop-erty of the community heretofore existing between said Annie Donahue and said petitioner, or for partial distri-bution of said estate. 8. And that the same does not defi-nitely describe the particular property whereof partial dis-tribution is therein and thereby asked. 9. And that it is not certain therefrom whether the proceedings therein and thereby contemplated are the proceedings provided for in and by sections 1658 to 1662, inclusive, of the Code of Civil Procedure, or of the proceedings authorized and provided for in and by section 1664 of said Code of Civil Procedure. 10. And, as a final ground of demurrer, it is claimed that it appears, from the face of said petition, that it is necessary to ascertain and determine the title to the particular prop-erty, whereof said petitioner prays partial distribution, and such title can only be determined either upon final distrib-ution of said estate, or under the provisions of section 1664 of said Code of Civil Procedure, and not under said provi-

sions of said code relating to partial distribution of the estate of said deceased.

The petition itself sets forth that Peter Donahue died November 26, 1885, leaving a last will and testament, which has been admitted to probate in this court, whereby, among other things, he nominated the petitioner, Annie Donahue, and James Mervyn Donahue, his son, and Mary Ellen Von Schroeder, executors thereof, all of whom have qualified and are acting as such; that the estate of said deceased has been appraised in the aggregate at the sum of $3,778,312, whereof a portion is separate property of the said deceased, and the other portion is community property of the deceased and the petitioner; that the executors have caused notice to be published as required by sections 1490, 1491, Code of Civil Procedure, and that the time limited for the presentation of claims against the said decedent has expired; that all the claims against the said deceased that have been presented, allowed and approved have been paid, and that the claims which are disputed are few in number and insignificant in amount, in view of the magnitude of the estate; that more than ten months have elapsed since said will was proved and letters testamentary issued; that the petitioner was married to the said Peter Donahue in the state of California, of which they were both residents, on the 6th of August, 1864, and since which time they resided in said state continuously until the death of said. Peter Donahue; that she is desirous of having her share or portion of the community property of herself and the said Peter Donahue assigned and distributed to her; and as to how much and what particular parts of the said estate are community property, she alleges that certain pieces of property described in her petition were acquired by said Peter Donahue after his said marriage with the petitioner, and were not acquired by gift, bequest, devise or descent; but, on the contrary, by purchase for a valuable consideration, and that such pieces of property were and are, as she is advised and insists, community property. The petitioner in her petition declines to release or relinquish or assign any claim or interest

in common or community property, but, on the contrary, claims her share thereof.

## OBJECTIVE POINTS OF THE DEMURRERS.

As stated in argument by the counsel for the demurrants, the objective points of the demurrers are: (1) It does not allege title in the decedent; (2) there is no averment that decedent continued to own the property, or that it constitutes any part of the estate; (3) that it does not state the source of the title of the community; that it should state the facts; that the averments of community property are insufficient; (4) that the petitioner is incapacitated to make this application by reason of the fact that she is petitioner for partial distribution and executrix at the one time; therefore, practically, plaintiff and defendant in the same suit.

## THE STATUTE UNDER WHICH PETITION PRESENTED.

This is a petition presented under chapter 11, article 1, part 3, title 11, the pertinent sections of which read as follows:

Section 1658. "At any time after the lapse of four months from the issuing of letters testamentary or of administration, any heir, devisee, or legatee may present his petition to the court for the legacy or share of the estate to which he is entitled, to be given to him upon his giving bonds, with security, for the payment of his proportion of the debts of the estate."

Section 1659. "Notice of the application must be given to the executor or administrator, personally, and to all persons interested in the estate, in the same manner that notice is required to be given of the settlement of the account of an executor or administrator."

Section 1660. "The executor or administrator, or any person interested in the estate, may appear at the time named and resist the application; or any heir, devisee or legatee may make a similar application for himself."

Section 1661. "If, at the hearing, it appear that the estate is but little indebted, and that the share of the party

applying may be allowed without loss to the creditors of the estate, the Court must make an order in conformity with the prayer of the applicant, requiring:

"1. Each heir, legatee, or devisee obtaining such order, before receiving his share, or any portion thereof, to execute and deliver to the executor or administrator a bond, in such sum as shall be designated by the court, or a judge thereof, with sureties to be approved by the judge, payable to the executor or administrator, and conditioned for the payment, whenever required, of his proportion of the debts due from the estate, not exceeding the value or amount of the legacy or portion of the estate to which he is entitled;

"2. The executor or administrator to deliver to the heir, legatee, or devisee, the whole portion of the estate to which he may be entitled, or only a part thereof, designating it. If, in the execution of the order, a partition is necessary between two or more of the parties interested, it must be made in the manner hereinafter prescribed. The costs of these proceedings shall be paid by the applicant, or, if there be more than one, shall be partitioned equally amongst them.''

Under section 1662 of the same code provision is made as to the use of this bond and the manner in which it is to be enforced.

It appears from this petition that the petitioner is an heir. She is the widow, and in the sense of the statute is included under the term heir: Estate of Ricaud, Myr. 158.

The averments of title in the decedent and of his seisin at the time of his death are sufficient.

For the purposes of this petition the statement of the character of the property is sufficient: Meyer v. Kinzer and Wife, 12 Cal. 252, 253, 73 Am. Dec. 538; Smith v. Smith, 12 Cal. 224, 73 Am. Dec. 533; Payne and Dewey v. Treadwell, 16 Cal. 243; Rough v. Simmons, 65 Cal. 227, 3 Pac. 804.

Treating this petition as a pleading, it is sufficient. But it is not necessary to treat a petition for partial distribution with the same severity that one would treat a common-law pleading. All that such a petition need show is that the person applying has the status of an applicant, and that the administration is in a sufficient state of forwardness to au-

thorize distribution. Whenever the administration has advanced so far, it is the duty of the court, on petition of any party interested, to proceed to partial distribution, and for that purpose to make the necessary investigation of facts. But it is contended that the petitioner is incapacitated to make this application, by reason of the fact that she is petitioner for partial distribution and executrix at the one time, therefore, practically, plaintiff and defendant in the same suit.

The demurrants argue that she cannot act in the dual capacity of executrix and petitioner for partial distribution; that she cannot be virtually plaintiff and defendant in the same suit; and support this proposition by an abundance of citations, which it is claimed establish the principle that the applicant is not in a position to seek this remedy; that her attitudes as executrix and as an applicant for partial distribution are irreconcilable; that she labors under a disability which should determine the application against her; and that, therefore, in form and substance this application is obnoxious to the demurrer. All the cases in support of this proposition have been examined and considered by the court, but it has been unable to reconcile them with the circumstances of this case.

If the position of the demurrants be true, this court has been proceeding against its institution upon an erroneous theory, for numerous applications of precisely similar character have been made and granted; one of the latest of which I find in the matter of the Estate of Daniel T. Murphy, deceased, where Anna L. Murphy, the widow of Daniel T. Murphy, deceased, and Samuel J. Murphy and others, the children of the deceased, filed their petition and application for partial distribution of the estate of said deceased, which petition and application was granted upon the execution and delivery to Anna L. Murphy, as executrix, of a bond, with proper sureties, from Anna L. Murphy, as widow, and the others as children and heirs and devisees of the deceased. The attorneys for the applicant, Anna L. Murphy, in that case appearing individually and as the sole executrix of the last will of David T. Murphy, deceased, were Messrs. McAl-

lister & Bergin; Estate of Daniel T. Murphy, Deceased, No. 4,313. Decree of Partial Distribution. Filed March 4, 1887. See, also, Estate of Silas W. Sanderson, Deceased (No. 5,464).

Assuming, then, that the question of the giving of a bond is in order at this stage of the proceedings, the answer to the objection of the demurrants is that the law is so written, and that as written it has been uniformly applied in cases differing in no essential particular from the one now before the court.

The demurrer overruled. Ten days to answer.

---

**An Heir, Devisee or Legatee** may, at any time after the lapse of four months from the issuance of letters testamentary or of administration, present a petition for the share of the estate to which he is entitled, or any portion thereof, to be given him upon his furnishing security for the payment of his proportion of the debts of the estate: Cal. Code Civ. Proc. 1658. No one but an heir, devisee or legatee (Estate of Foley, 24 Nev. 197, 51 Pac. 834, 52 Pac. 649), or his assignee or grantee (Estate of Straus, 144 Cal. 553, 77 Pac. 1122) can petition for a partial distribution. An executor or administrator, as such, has no authority to file a petition: Alcorn v. Buschke, 133 Cal. 655, 66 Pac. 15; In re Letellier, 74 Cal. 312, 15 Pac. 847.

**The Codes Make no Attempt to Prescribe the Form and Contents** of petitions for partial distribution, and clearly do not contemplate or require elaborate pleadings in such proceedings: Estate of Murphy, 145 Cal. 464, 78 Pac. 960. For forms of petitions, see Estate of Levison, 98 Cal. 654, 33 Pac. 726; Estate of Crocker, 105 Cal. 368, 38 Pac. 954.