EMILY NEIL v. R. W. YAGER.

Decided February 10, 1900.

1. **Executory Sale of Land—Rescission Through Fraud—Rights of Purchaser.**

Where plaintiff bought school land from a county under an executory contract (certificate) of purchase, and occupied it as a homestead, making valuable improvements and paying the interest for several years and part of the principal, and thereafter, while the payments were in arrears, was induced by defendant, through fraud, to release all her right to him upon his promise to carry the debt due the county and to convey the land back to her, and defendant, by the aid of such release, fraudulently induced the county to rescind the sale to plaintiff and convey the land to him, which he then claimed as his own and sold to another, plaintiff was entitled to have such rescission and conveyances canceled and set aside.

2. **Same—Fraud as Creating a Trust.**

The defendant, in his dealing with the county, is to be considered in equity as acting for plaintiff's benefit, and having taken the deed to the land in his own name, he can hold only in the capacity of a trustee, and will be charged with the duties and liabilities of a trustee.

APPEAL from Collin. Tried below before Hon. J. E. DILLARD.

*Garrett, Smith & Merritt,* for appellant.

*Abernathy & Beverly,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—A general demurrer was sustained to plaintiff's first amended original petition, and she refusing to amend, her suit was dismissed. This action of the court raises the only issue for our determination. The petition of plaintiff is as follows:

And now comes the plaintiff, and having obtained leave of the court so to do, files this her first amended original petition herein as a substitute for and in lieu of her original petition, which was filed herein October 4, 1897, and plaintiff, by way of amendment to said pleadings, avers and charges that the petitioner, Emily Neil, complaining of R. W. Yager, L. E. Mattingly, and of Collin County, Texas, of which M. G. Abernathy is the county judge, and of Tom Stimpson and Ike Stimpson, all of whom reside in Collin County, Texas; the plaintiff also resides in Collin County, Texas. Plaintiff charges that heretofore, to wit, on or about the 15th day of March, 1877, George Neil, who was then the lawful husband of plaintiff, purchased from Collin County the lands hereinafter described, and that said Collin County issued to said George Neil a certificate of purchase of said land, executed by said county; that said certificate is in the possession of the defendants, or some one of them, and they are each hereby notified to produce the same to be used in evidence on the trial of this case. Plaintiff charges that she and her husband went into immediate possession of said land and made permanent and valuable improvements on the same, to wit, the improvements amounted to the value of $1000, and consisted of residence house, cabin, wells, fencing, and breaking up the same and putting the same in fine state of

cultivation; that from said last date plaintiff and her husband continued to occupy and live on said premises and used the same as a homestead until the death of said George Neil, which occurred on or about the 10th day of January, 1894; that since the death of plaintiff's said husband the plaintiff has continued in the peaceable and adverse possession of said land, occupying and using the same as her homestead. That during all of the time since the purchase thereof from Collin County plaintiff and her said husband have paid all the State and county taxes on said land, which plaintiff charges amounted to the sum of $200; that plaintiff and her said husband paid to Collin County a large amount of interest on the purchase price agreed upon for said land annually, since the purchase of the same, to wit, the sum of $720; that the plaintiff and her said husband paid to Collin County a part of the principal of said purchase money; that said land was purchased on a credit of twenty years, the principal to bear interest at the rate of 10 per cent per annum; that said principal did not mature until March, 1897; that there has never been any administration of the estate of George Neil, and that he departed this life intestate, in Collin County, Texas, at his home upon the land in controversy, on the date hereinabove mentioned. That there is still owing and due from George Neil, deceased, or from his estate, to Collin County, the sum of $410, principal and interest on said land. Said land described as follows: "Situated in Collin County, Texas, and being lot No. 1 of survey No. 6, Collin County school lands, situated on the waters of Little Elm Fork of the Trinity River, and bounded as follows: Beginning at the northeast corner of said survey No. 6, at a bois d'arc post at the west boundary line in a survey made in the name of G. A. Martin; thence west 15 chains to a bois d'arc post; thence south 53 chains and 30 links to a bois d'arc post; thence east 15 chains to the southwest corner of the aforesaid Martin survey to a bois d'arc post and a rock; thence north 53 chains and 30 links to the place of beginning, containing 80 acres of land. Said lot No. 1 is recorded in volume 3, page 93, Collin County record of deeds, and to the plat of said lot as there recorded reference is here made for description." That said land was community estate of plaintiff, and George Neil, deceased; that George Neil, at the time of his death, left no other debts unpaid except the debt to Collin County; that all other debts had been fully paid off and discharged by plaintiff; that the said George Neil, deceased, left no other estate real or personal, except the land herein described.

Plaintiff charges that the defendants entered into a conspiracy to overreach, cheat, and defraud plaintiff out of said tract of land and to obtain the title and possession of it for the defendants, and in pursuance thereof the defendant R. W. Yager, knowing that plaintiff was in a straitened financial condition, on or about the 5th day of February, 1895, came to plaintiff and offered to take up the debt about to fall due on said land, and carry it for plaintiff. She charges that plaintiff is an illiterate and ignorant old woman, who can neither read nor write, and who did not know anything whatever about legal transfers or convey-

ances, and who was wholly ignorant about business transactions, and this fact was then well known to defendants. She charges that the defendant R. W. Yager represented to the plaintiff that it would be necessary, in order to secure him, Yager, in the money to be so advanced by him to pay out said land, for plaintiff to execute to defendant Yager a conveyance of said land, and that he would get the defendant county to make him a deed thereto also, and as soon as he got such deed he would deed said land back to defendant Ike Stimpson, who was the son of plaintiff, taking his notes for the said amount the said Yager was required to pay the said county, said notes secured by a vendor's lien on said land, and giving the said Ike Stimpson time in which to repay him said money, and that thereby the plaintiff would have a home secured to her on said land with her son; unless plaintiff did this that the debt to the county was due or about to fall due, and if defendant county would proceed to foreclose its lien and sell said land, then the plaintiff would lose all that she had paid in for the same, and all the work and improvements made thereon, and would be left without anything and without a home. She charges that if she is mistaken in the representations so made by defendant Yager, that as soon as he got the deed from defendant county to said land he would deed the same back to the defendant Ike Stimpson, on time, taking his notes to be secured by the vendor's lien on the same to secure him in the repayment of his money, then she charges that said Yager then and there told plaintiff that as soon as he got the deed from the county he would deed said land back to Ike Stimpson for the use and benefit of plaintiff, to be held by Ike Stimpson in trust for the plaintiff, taking his notes therefor secured by a vendor's lien on the same, and that the same would thereby be secured to her; that the said Ike Stimpson at the time did not own any interest in the land.

If mistaken in the above allegation, then plaintiff charges that the defendants entered into a conspiracy to overreach, cheat, and defraud plaintiff out of said tract of land and to obtain the title and possession of it for the defendants, and in pursuance thereof the defendant R. W. Yager, knowing that plaintiff was in a straitened condition, on or about the 15th day of February, 1895, came to plaintitff and offered to take up the debt about to fall due on said land and carry it for the plaintiff; she charges that plaintiff is an illiterate and ignorant old negro, who can neither read nor write, and did not know anything whatever about legal transfers or conveyances, and was wholly ignorant about business transactions, and this fact was then well known to the defendants.

Plaintiff charges that defendant Yager then and there stated that the instruments to be executed would be a mortgage to secure him in the repayment of the money which he, Yager, was to pay the county to pay out said land, and that it would secure him in the repayment of his money, and that he would give the plaintiff time, to wit, three years, in which to repay the same. Plaintiff charges that, relying upon such representations and believing the same to be true, and believing the defend-

ant Yager was acting in good faith for the purpose of assisting her to pay off the debt to defendant county, and waiting with her to repay him said money, she, plaintiff, executed and delivered to defendant Yager a conveyance to said land, on to wit, the 15th day of February, 1895, which conveyance was then and there in form a deed, but was then and there intended to be, and was to be, a mortgage on said land. That in said conveyance the plaintiff was joined by the defendants Ike and Tom Stimpson. The charges that all of such representations so made by said Yager were false, and that the same were made by him for the purpose of overreaching and defrauding the plaintiff out of said land. That the said Yager did not intend to reconvey said land either to the plaintiff or to the said Ike Stimpson, but that he intended, as soon as he got the title in himself, to hold said land and the title thereto, and intended to defraud the plaintiff out of the same to rob her of her homestead. She charges that said Yager never paid her any consideration whatever or anything of value for said land.

Plaintiff charges that after the defendant Yager got the deed or conveyance from her and the said Ike and Tom Stimpson hereinabove referred to, that he went before the Commissioners Court of the defendant county, and by means unknown to plaintiff, and without her knowledge and consent, procured a deed to be executed to him, said Yager, by Collin County, to said land, and procured the pretended cancellation and forfeiture of the certificate of purchase which defendant county had so made to said George Neil. Plaintiff charges that said R. W. Yager did not pay off said debt to defendant county, but only paid thereon the sum of $60.27, and executed his note to Collin County for the sum of $600, due ten years after date, bearing 8 per cent interest per annum; that the said sum of $660.27 is the full amount claimed to be due by Collin County from the estate of George Neil for said land, and is no more than the amount claimed to be due. That immediately thereafter the said R. W. Yager sold said land and executed a deed therefor to defendant Mattingly for a large sum, to wit, about $2400; that said land is reasonably worth the sum of $3200. She charges that the said Mattingly purchased said land with full notice of all the facts herein set out, and that by the use of ordinary diligence he could have known all of said facts, and that the conveyance to said Yager was only a mortgage and was intended to be a mortgage on said land. That the plaintiff was in the actual possession of the said land at the time said Mattingly pretended to buy the same and is still in such possession of same, and that she has been in the continuous actual adverse possession of the same since 1877. Plaintiff charges that she has been informed that defendant Mattingly has reconveyed the said land back to defendant Yager. Plaintiff charges that when defendant Yager obtained said deed to himself from the defendant county and such cancellation and forfeiture of said certificate of purchase which said county had so issued to George Neil, said Yager then and there misrepresented the facts to Collin County, and represented that he had bought out the plaintiff's interest

in said land, and that such conveyance was in fact a deed to him from plaintiff and said Ike and Tom Stimpson, and then and there made other false and fraudulent misrepresentations to said county not known to plaintiff, and thereby induced said county to make him a deed to said land and to attempt to forfeit the contract which it had so made with George Neil above referred to. That said pretended cancellation and forfeiture of said contract was then and there void because said George Neil had, prior thereto, departed this life, and at that time said tract of land was worth five times as much as the estate of said George Neil then owed said county.

She charges that prior to the time that Yager approached her about the matter he had entered into a conspiracy with said Ike and Tom Stimpson, and had induced them to act in co-operation with him, said Yager, in obtaining the land from plaintiff under the promise that he would reconvey the land to him, said Ike Stimpson. She charges that in obtaining the plaintiff's deed aforesaid to said Yager, conveying him said land, that the said Ike and Tom Stimpson were then and there acting for and at the instance of the defendant Yager. She charges that neither Ike nor Tom Stimpson had any interest in said land; that they were plaintiff's children by a former marriage.

Plaintiff charges that by reason of the premises the defendant Yager holds the legal title to said land in trust for the plaintiff; that but for the promise made to plaintiff by the said Yager, the plaintiff could have procured and would have procured other persons to pay the sum due to Collin County and extend time to plaintiff. That at such time the plaintiff was unable to pay out said land to the county, and the defendants knew this fact. She charges that the defendants are threatening to eject plaintiff from said premises; that defendant Yager is harassing the tenants of plaintiff, and has sued one of them and has distrained part of the crop grown on said premises for the year 1877, pretending that the same was due him, Yager, as rents on said land. That plaintiff has never rented said premises to defendants, nor to either of them; that such acts on the part of said Yager were malicious and done without grounds for believing the same to be lawful; that defendant Yager is insolvent; that plaintiff has no adequate remedy at law, and irreparable injury will be suffered by plaintiff if defendant is not enjoined from molesting the plaintiff's possession of said land during the pendency of this suit and be enjoined from harassing plaintiff's tenants and from distraining the crops grown on said premises for said pretended claims for rent on said premises. Plaintiff charges that defendant Yager received and converted the crops of cotton and cotton-seed and corn grown on said premises for the year 1897, and that the cotton and cotton-seed were reasonably worth $200, and the corn so converted was reasonably worth $50. Plaintiff charges that the deed so executed by plaintiff and Ike and Tim Stimpson to defendant R. W. Yager, and the deed executed by Collin County to said Yager, and the deed executed by R. W. Yager to defendant Mattingly, and the deed executed by Mattingly conveying said

land back to Yager, are each and all now in the possession of the defendant R. W. Yager, and notice is hereby made upon him to produce each of said deeds to be used in evidence on the trial of this case and for cancellation.

Plaintiff avers that by reason of the false and fraudulent representations and acts of the defendants, and by reason of the failure of R. W. Yager to take up and carry the said debt due upon said land to Collin County, as agreed upon, for which the plaintiff agreed to pay the defendant Yager 10 per cent per annum interest, plaintiff has been damaged in the sum of $3500, and plaintiff now here offers to pay into court the said sum of $60.27 paid by defendant Yager to Collin County, with interest thereon, and to assume the payment of said note of $600 to Collin County, and to subrogate the said Yager to the lien on said premise, for any sum he may be required to pay thereon, and to do any and all things that the court may deem fair and equitable. That the acts and deeds hereinbefore mentioned cast a cloud on plaintiff's title to said land, wherefore plaintiff prays (the defendants Yager, Mattingly, and Collin County having answered herein) that citation issue to the defendants Ike Stimpson and Tom Stimpson, and on final hearing the deed from plaintiff to R. W. Yager be annulled and canceled, and that the deed from Collin County to R. W. Yager be likewise canceled, and the title and possession of said land be decreed to plaintiff, free from such claims, except that a lien thereon be decreed in favor of the county to secure it in payment of said note, and that her title to said land be quieted, subject to conditions the court may impose in reference to said sum of $660.27, unpaid purchase money and interest due on said land. That the defendant be enjoined from molesting plaintiff and her tenants in her possession of said premises by suit or otherwise; defendants also be enjoined from restraining crops grown on said premises or from suing for pretended rents on said land. In the event the court should hold that plaintiff is not entitled to the relief sought, then she prays judgment against defendants for the difference in the value of said premises and the amount which was due Collin County, and the value of said land. She prays in either case for all the value of said crops so converted by Yager and for all general, special, and equitable relief which this case in its nature may demand.

In support of the action of the court appellee insists that the petition fails to show that plaintiff has such an interest as entitles her to recover, for that it shows that the contract between the county of Collin and George Neil, her husband, was executory, and said county had rescinded same for nonpayment of purchase money and deeded it to Yager, whereby plaintiff's interest was divested out of her.

That a vendor has a right to rescind an executory contract for the sale of land where there is default in the payment of the purchase money is too well settled in this State to admit of controversy. But does the petition of plaintiff show such a rescission by Collin County as precludes Emily Neil from a recovery in this action?

The allegations of plaintiff's petition relating to the purchase of the land by her husband from the county, the payments made on the indebtedness, and the making of improvements on the land, show that plaintiff had such an interest in the land before her transaction with defendant Yager as entitled her to maintain a suit to protect her rights therein. Wheatly v. Griffin, 60 Texas, 209. And her right to maintain this action was not affected by the subsequent transaction between defendant Yager and Collin County, if the allegations of her petition be true. According to her allegations, defendant Yager, in dealing with said county, will be considered in equity as acting for her benefit, and having taken the deed to the land in his own name, he can hold only in the capacity of a trustee.

In Hendrix v. Nunn, 46 Texas, 141, Justice Moore, speaking for the court, said: "And it is unquestionably a common and familiar application of 'their remedial justice' for courts of equity to force upon the conscience of a party the duty of a trustee in regard to property which has been acquired by artifice or fraud, and where, either from the character of the property or the circumstances under which it is acquired or held, it would be against equity to permit such party to hold it, except as a trustee." To the same effect see Satterthwaite v. Loomis, 81 Texas, 64; Chilson v. Reeves, 29 Texas, 276; Mackay v. Martin, 26 Texas, 57; Bisp., Prin. Eq., 6 ed., sec. 218; Clitus v. Langsford, 24 S. W. Rep., 325.

The appellees cite a number of authorities which are to the effect that where a party agrees to purchase land for one who has no interest therein and takes the deed in his own name, said agreement comes within the statute of frauds, and no such trust relations exist as are enforceable in a court of equity.

The case under consideration is not of that character. Here the plaintiff shows an equitable interest in the land, and shows an agreement between Yager and plaintiff by which that interest was to be protected to her. Such agreements have always been upheld and enforced by courts of equity. For courts to do otherwise would be sanctioning fraud, which they never do, but always grant relief against it, if it can be done on principles governing equity proceedings. The petition shows a good cause of action against Yager and also against defendant Mattingly, if he had knowledge of Yager's trust capacity. If he had conveyed the land back to Yager, then of course he had no interest in the proceedings.

The defendant Collin County's interest can not be affected by this proceeding. It is interested only to the extent of having the purchase money for the land paid to it. It holds the superior title, which can not be divested until the purchase money is paid. Who pays the money will be immaterial to it. If Yager perpetrated a fraud upon plaintiff, we suppose that Collin County will not take any interest in upholding it. We can not see that the interest of Collin County would be endangered by holding Yager a trustee, for the land is shown to be of much greater value than the amount of indebtedness to the county, and it could readily realize the amount owing out of the land if foreclosure proceedings be-

came necessary. If the evidence upon the trial should establish the alleged fraud, the court should render such judgment in accordance with the facts proved as would protect all the parties in their respective rights. The judgment is reversed and cause remanded.

*Reversed and remanded.*