KRENZ et al. v. STROHMEIR et al. †
(No. 5427.)

(Court of Civil Appeals of Texas. Austin. Feb. 3, 1915. On Motion for Rehearing, April 14, 1915. On Motion for Rehearing by Appellants, May 26, 1915.)

1. TRUSTS ☞103 — CONSTRUCTIVE TRUST — COMMUNITY PROPERTY.

Where a husband, with intent to defraud his wife of her community interest, takes in the name of a son deeds of property bought with community funds, no consideration passing from the son, the deeds while conveying the legal title to the son, conveyed the equitable title to the community estate, and the son is a trustee in invitum, holding the legal title for the benefit of the equitable beneficiaries.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 154; Dec. Dig. ☞103.]

2. HUSBAND AND WIFE ☞267—COMMUNITY PROPERTY—FRAUD ON WIFE.

While during coverture the husband is vested with management and control of the community estate, his voluntary disposition thereof to defraud his wife of her interest therein is void as against her and those claiming under her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–938; Dec. Dig. ☞267.]

3. EVIDENCE ☞230—DECLARATIONS — TITLE TO PROPERTY.

Declarations of deceased, made after taking in the name of a son deeds to property bought with the community funds of deceased and his wife, and in the absence of his son, are in a suit between such son and children of the wife by a former marriage for partition of the community estate, admissible against the son, being, when made, against deceased's interest, and therefore admissible against one claim-

ing under him, and also because against the son's interest.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 835–851; Dec. Dig. ☞230.]

On Motion for Rehearing.

4. APPEAL AND ERROR ☞1062 — HARMLESS ERROR—SUBMISSION OF ISSUES.

That among the special issues, on which a case was submitted to the jury, was an immaterial one not raised by the pleading, is harmless, the jury's special findings on the material issues supporting the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. ☞1062.]

5. TRIAL ☞365—SPECIAL FINDINGS—RECONCILIATION.

It is the duty of the court, if it can reasonably be done, to reconcile the special findings of the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 871–874; Dec. Dig. ☞365.]

On Motion for Rehearing by Appellants.

6. HUSBAND AND WIFE ☞274—COMMUNITY PROPERTY—ACCOUNTING BY HEIR.

Where one for purpose of defrauding his wife takes in the name of his son a deed of property bought by him with community funds, the son to be entitled to participate in partition of the remainder of community estate must account for the present value of the whole of the land, and not merely of half of it.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1026–1031; Dec. Dig. ☞274.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Suit by Albert Krenz and another against Henry Strohmeir and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Sleeper, Boynton & Kendall, of Waco, for appellants. E. W. Hander, of Waco, and Lucius Williamson and Nat Llewellyn, both of Marlin, for appellees.

Findings of Fact.

JENKINS, J. Chris Krenz and Charlotte Krenz were married in 1874. Prior to such marriage Charlotte was a widow with three children, who survived her and are appellees herein. There were born to said marriage two children, Albert and Lena, now the wife of Earnest Leuschner, who are appellants herein. Both Chris Krenz and Charlotte Krenz died intestate, the former October 31, 1912, and the latter December 22, 1912.

During the lifetime of Chris Krenz he purchased, besides his home tract, certain lands, taking title thereto in the name of Albert Krenz, and made certain gifts or advancements of personal property to his children Albert and Lena. At the death of said Chris and Charlotte there was certain real and personal property in their possession, purchased with community funds. Appellants brought suit for the partition of this property, of which they claimed one-half as the heirs of their father, the said Chris Krenz, and two-fifths as the heirs of their mother, the said Charlotte Krenz.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.

The appellees replied that during the lifetime of said Chris Krenz he purchased and paid for, out of the community funds of the estate of Chris and Charlotte Krenz, various tracts of land, taking deeds thereto in the name of Albert, among which were four tracts, known respectively as the 49-acre Ponder, the 37½-acre Bird, the 10-acre Gameson, and the 100-acre Gameson tract, and had given to said Albert and Lena certain personal property, describing the same, and alleging the value thereof, and that the same was done without the knowledge or consent of the said Charlotte Krenz, with the intent to defraud her and her children, the appellees herein, of her portion of said community estate, and that Albert Krenz was a party to the scheme concocted and devised by Chris Krenz for said fraudulent purpose.

The case was submitted on special issues, to which the jury returned findings as follows:

"(5) As to the Ponder tract, was the money used in paying for the same in whole or in part the community funds of Chris and Charlotte Krenz, or was it paid for with the funds of Albert Krenz in whole or in part?"

To which the jury answered: "Community funds."

"(6) If you find it was paid for in part with community funds and in part with funds of Albert Krenz, then you will find how much was paid with such community funds, and how much was paid with funds of Albert Krenz?"

To which the jury answered: "All community funds."

"(7) If you find that the money paid for the Ponder tract was community funds in whole or in part, then you will find whether and answer whether the same was an advancement to Albert Krenz or an absolute gift to him."

To which the jury answered: "Advancement."

"(8) Was the conveyance of the Ponder tract to Albert Krenz and the payment of the community funds, if any, therefor by Chris Krenz done to defraud Charlotte Krenz out of her interest in said land, or said community fund?"

To which the jury answered: "Yes."

"(9) If you answer the last foregoing or eighth question in the affirmative, then say whether Albert Krenz was a party to or had knowledge of such fraud?"

To which the jury answered: "Yes."

Similar questions were propounded and similar answers given as to the Bird and the two Gameson tracts. The evidence sustains the answers, except as to the "Advancements."

The court rendered judgment that said four tracts of land, and the two tracts composing the homestead and the personal property described in appellants' petition, were the property of the community estate of Chris and Charlotte Krenz, deceased, and · appointed commissioners to partition the same allotting seven-twentieths to each of the two appellants Albert and Lena, and two-twentieths to each of the three appellees, the children of Charlotte Krenz by her first marriage.

As shown by the evidence and found by the court the value of the four tracts of land in the name of Albert is $19,700; the value of the two tracts in the name of Chris Krenz (the homestead) is $17,200; advancements of personal property to Albert and Lena, $5,500; personal property belonging to the community estate $6,300. The court found, and the evidence sustains the finding, that Chris and Charlotte Krenz deeded to Albert, as a gift to him 58½ acres, the value of the same not found by the court.

## Opinion.

[1] If the findings of the jury that the deeds to the Ponder, Bird, and two Gameson tracts of land were taken in the name of Albert Krenz, with the intent upon his part and upon the part of Chris Krenz to defraud Charlotte Krenz of her community interest therein is sustained by legal evidence, the justice of this case has been reached by the judgment of the trial court herein. If such was the case, while the deeds conveyed the legal title to Albert, they conveyed the equitable title to the community estate of Chris and Charlotte Krenz, and the law forces upon Albert the position of trustee in invitum. In such case, he holds the legal title for the benefit of the equitable beneficiaries. Hendrix v. Nunn, 46 Tex. 147; Satterthwaite v. Loomis, 81 Tex. 70, 16 S. W. 616; Neil v. Yager, 22 Tex. Civ. App. 628, 55 S. W. 420; Hagerty v. Harwell, 16 Tex. 665; Moore v. Moore, 73 Tex. 389, 11 S. W. 396; Gillean v. Witherspoon, 121 S. W. 913. The district court trying this case had the power to enforce such trust. Fisher v. Wood, 65 Tex. 204.

[2] During coverture the husband is invested by the laws of this state with the management and control of the community estate, and in bona fide transactions, his management thereof is absolute and exclusive. But he cannot make a voluntary disposition of such property for the purpose of defrauding the wife of her interest therein, and any such attempted disposition is void as against the wife and those claiming under her. Watson v. Harris, 130 S. W. 237; Stramler v. Coe, 15 Tex. 216; Smitheal v. Smith, 10 Tex. Civ. App. 446, 31 S. W. 424; Smith v. Smith, 12 Cal. 216, 73 Am. Dec. 533. In the latter case the Supreme Court of California, in construing a statute similar to ours said:

"But we think it clear that the law, notwithstanding its broad terms, will not support a voluntary disposition of the common property or any portion of it, with the view of defeating any claim of the wife."

It was held by Chancellor Kent, in Swaine v. Perine, 5 Johns. Ch. 482, 9 Am. Dec. 321, that conveyances of a husband's separate property on the eve of marriage, for the purpose of depriving the intended wife of her common-law right of dower were fraudulent as against her claim. Neither upon authority nor reason do the fraudulent acts of the husband against the property of the wife stand upon any different footing than such acts between other parties.

That the Ponder, Bird, and Gameson tracts of land were purchased with the community funds of Chris and Charlotte Krenz, and deeded to Albert Krenz at the instance of

Chris Krenz is shown by testimony aliunde the declarations of Chris Krenz. The circumstances raise ·a strong suspicion that Chris Krenz intended by these transactions that his children should have the greater part of the community estate to the exclusion of his wife's children by her first marriage from their legitimate share. After having acquired and paid for the home place, 200 acres, he bought the Ponder tract and took the deed in the name of Albert, who was then only 17 years of age. He continued this course during his lifetime, buying other lands besides those involved in this suit, and selling the same at a profit. His bank account was kept in Albert's name. He made advancements of personal property to Albert, and, joined by his wife, he deeded him 58½ acres of land for a recited money consideration, which in fact was not paid.

[3] But the finding of the jury that Chris Krenz had the four tracts of land involved in this suit conveyed to Albert for the purpose of defrauding Charlotte Krenz rests principally upon the statements made by Chris Krenz in reference to those transactions; and, to our minds, ·the most serious question involved in this appeal is: Were such declarations legal evidence against appellants? They were made to his neighbors and friends after the deeds were executed and in the absence of Albert. They were objected to by appellants as hearsay.

The general rule that hearsay is not admissible as evidence has been settled for about 200 years, but that there are exceptions to the rule is as old as the rule itself. One of these exceptions is that the declarations of a party against his interest may be given against him, or those claiming under him. We believe this rule is applicable to the facts of this case. To illustrate: Suppose Mrs. Krenz had died leaving surviving her her husband Chris Krenz, her children ᴉAlbert and Lena and her children by her first marriage, the appellees herein. If Chris Krenz had demanded one-half of the homestead tract and the personal property involved herein, these appellees could have said: You must bring the four tracts deeded to Albert into the partition; they also belong to the community estate. He would have replied, Not so; it is true that they were purchased with community funds, but they were deeded to Albert as a gift to him, or as an advancement, and in either case do not belong to the community estate. The reply would have been: But those ·deeds were made without the knowledge or consent of our mother and in pursuance of a scheme to defraud her of her community interest therein. If he had demanded proof of this charge, they could have replied: Your own declarations. In a suit between them and Chris Krenz they could have put in evidence his declarations that were proven in this case. He being dead, why cannot they be ·put in evidence against those who are claiming under him? They were against his inter-

est when made, in that their effect was to reduce the value of his interest in the recognized community estate. And as he had the right to give one-half of the community estate to Albert and as the property deeded to Albert exceeded the value of the land remaining, such declarations would have proved that he had but little interest in the property on hand at the time of the death· of his wife. The test of the admissibility of such declarations is: Were they against his interest at the time they were made? Clearly they were, and we think that the trial court did not err in admitting them.

We think that the declarations of Chris Krenz,ᵢwere admissible for the further reason that they were against the interest of his children. We know of no decision which rests an exception to the rule against the admissibility of hearsay evidence on this ground, but we think that such exception is supported in principle by all decisions enforcing the rule or declaring exceptions thereto.

The purpose of all testimony is the ascertainment of the truth as to the matter in controversy. Not all testimony given in court is true, but such testimony is more likely to be true than statements made out of court, for the reason that it is given under oath which seeks to bind the conscience of the witness, and for the reason that the opposite party may be able, by cross-examination, to show by the witness that his statements are false or improbable, or made without sufficient information, and amount to no more than opinions, or that he is strongly biased in favor of the party in whose behalf he is testifying. If the testimony of the witness is false, a cross-examination will probably circumstantially discredit him, and enable the jury to properly weigh such testimony. For these reasons it is desirable that all statements offered in evidence should be made in open court. But if the statements offered to be proven were made by one who is dead or beyond the jurisdiction of the court, they must either be received without such safeguards, or the benefit of them must be lost to' the party in whose favor they were made. The exceptions to the rule are based upon necessity, and upon the supposition that the circumstances under which they were made afford a sufficient probability of their truth to admit their being received and considered by the jury for what they may deem them to be worth. That these are the principles upon which rest the exceptions to the nonadmissibility of hearsay evidence will appear by reference to some of such exceptions. Among them may be mentioned declarations as to family pedigree; declarations against interest; dying declarations; res gestæ; subscribing witnesses; official certificates; pubᵣlic records, etc. In each of these cases the testimony is admissible for the reason that a knowledge of human nature indicates, and experience has proven, that the circumstances under which such declarations were made

are sufficient guaranties of their truthfulness to admit them in evidence, rather than to deprive parties of their benefit. Usually the necessity for admitting such declarations rests upon the fact that the party making them is dead; but in some instances, as in case of public records, it rests upon public convenience.

The law as to the admissibility of any particular hearsay evidence rests, not upon the fact that some court at some time has declared such evidence admissible, but upon whether the statement offered comes within the principle upon which hearsay evidence is admissible, viz.: Necessity and circumstantial guaranty of its trustworthiness. In the instant case the necessity exists for the reason that Chris Krenz is dead. Were such declarations res gestæ, they would be admissible under all the decisions, for the reason that men do not usually speak falsely, except by design, and being spoken at the time of the transaction, and before there was time to reflect upon the probable consequence of the statements, they are presumably true. If it were admitted by appellants that such declarations were made by Chris Krenz at a time when they were against his interest, they would not deny that such statements were admissible. Why? Because an unbroken line of decisions have so declared. But why have they so declared? Because men do not make statements against their own interest, unless they believe them to be true. Is it any more probable that a father who has great affection for his son and solicitude for his welfare will deliberately make statements against the interest of such son, if they are not true, than that he would make such statements against his own interest? We think not. If the case comes clearly within the reason of a rule, it comes within the rule, though no previous occasion may have demanded its application by any court. Chris Krenz knew his own purpose in having the deeds made to Albert; no cross-examination could have thrown doubt upon that proposition. His declarations as to such purpose were deliberately and repeatedly made in conversations with his neighbors, one of whom came across the waters with him from the fatherland, when Chris was a youth. He declared that his wife was ignorant of what he had done and was doing, and two of the conversations testified to were in her presence, and indicated her ignorance as to such transactions. He said that he was able to keep her in ignorance, because she could neither read nor write, and no testimony was offered to the contrary. In addition to taking deeds in Albert's name, advancements of money and personal property to him show the father's affection for him and his solicitude for his son's welfare. Such affection and solicitude continued to the time of the death of the father. There was not only no inducement for his making the statements if they were false, but the strongest of reasons for his not making them unless they were true. For these reasons we hold that the court did not err in admitting in evidence the declarations of Chris Krenz as to his purpose in having deeds taken in Albert's name.

Finding no error of record, all of appellants' assignments of error are overruled without discussing the same seriatum, and the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

We were in error in saying that the value of the four tracts of land, and that Albert Krenz was a party to his father's scheme to defraud Mrs. Krenz was alleged in appellees' answer. But these errors are immaterial, in that they did not influence our decision. If a scheme to defraud his wife out of her interest in the community estate was concocted by Chris Krenz, in pursuance of which he caused the land to be deeded to Albert, and Albert paid no consideration therefor, it would not matter that he did not know of such fraudulent intent.

[4] Appellants assigned error in submitting this issue, for the reason that it was not pleaded. Where a general charge is given it is error to submit an issue not raised by the pleadings, upon which the jury might have based their verdict, for the reason that it cannot be known that they did not do so. But where a case is submitted on special issues, it does not matter that an issue is submitted which is not raised by the pleadings, as the court will base its judgment on the findings of the jury on the material issues. The court might have submitted to the jury the issue as to whether or not George Washington cut the cherry tree, and they might have found that he did not, but this would not have been a ground for setting aside the judgment if it followed the verdict as to the material issues raised by the pleadings. This is one of the many reasons why cases should be submitted on special issues.

As to alleging the value of the land, if such land was deeded to Albert by way of advancement, with the knowledge and consent of his mother, and it had been brought into hotchpotch, it would have been necessary to ascertain its value, in order to determine whether or not he was entitled to any additional portion of the community estate, and if so, how much. But if the finding of the jury that this property was deeded to Albert for the purpose of defrauding Mrs. Krenz out of her community interest therein was correct, such lands were community property, and in partition of the same their value would be determined by the commissioners, without regard to the finding by the jury as to such value.

[5] On March 10, 1915, we granted appellants' motion for rehearing herein on the

ground of a conflict in the findings of the jury on the issues of fraud and of advancements. Upon further consideration, we have concluded that there is no conflict in such findings in the sense that the jury meant them, viz.: That the deeds were executed to Albert without the knowledge or consent of Charlotte Krenz, and with the intent to defraud her of her community interest in the lands, but that as to Chris Krenz, he intended them as an advancement and not as a gift to Albert. The jury made a finding that Chris Krenz intended that certain property received by the daughter Lena should be an advancement to her, and had the questions as to Albert been framed as in the case of Lena, we doubt not that the finding would have been equally as specific. Looking to all of the questions, it is apparent that the court meant the issue of gift or advancements to Albert to apply to the intention of Chris Krenz only, and that the jury so understood. It is the duty of the court to reconcile the answers of the jury, if it can reasonably be done. Jordan v. Morgan, 15 S. W. 599. Chris Krenz being the owner of a half interest in the lands, had the right to have them transferred to Albert to the extent of his interest therein, and if there is a sufficient amount of the community estate remaining, Albert's title to the four tracts of land will not be disturbed, but in the partition they will be charged up to him at their present value, as determined by the court on the report of the commissioners of partition.

The motion of appellees for a rehearing is granted, the judgment of the trial court is affirmed, with instructions to proceed with the partition of the community estate of Chris and Charlotte Krenz in accordance with the judgment of said court and our opinion herein.

Motion granted and judgment affirmed.

On Motion for Rehearing by Appellants.

Appellants insist that the rule that hearsay declarations against interest are admissible in evidence is not applicable to this case, and in support of such contention cite Ryle v. Davidson, 102 Tex. page 234, 115 S. W. 30. In that case Mr. Justice Williams, speaking for the court, said:

"The rule of evidence relied on (that hearsay against interest is admissible) is well sustained by the authorities, but no instance of such application of it as is here contended for has been cited or found by us."

In that case the owner of a tract of land had executed two conveyances to it, one in 1835, and one in 1846. The prior deed was not recorded until 1847. The issue was whether the grantee in the last deed was a purchaser for value, and the question certified was whether the recital in said deed of a cash consideration of $500 was admissible to prove such payment. It was held that it was not. The purchaser under a prior unrecorded deed obtains title to the land subsequently conveyed, but, by force of the registration statute he is estopped from asserting the same against a subsequent purchaser for value without notice. The grantor having parted with his title, the recital of the payment of the purchase money is, as to those not parties or privies to such deed, purely hearsay, and is within the ban of the general rule excluding such testimony.

In the instant case, however, Chris Krenz had not, from the standpoint of equity, parted with title when he made the declarations given in evidence. While the husband is the active manager of the community estate, and, in the absence of fraud, may dispose of the same as he sees fit, he is in fact but the trustee for such estate and cannot dispose of it in fraud of the rights of his wife, the co-owner thereof. In this case the community funds are clearly traced into the four tracts of land in controversy. This constitutes them community property. The deeds are in the name of Albert, but he paid no consideration therefor, and consequently can urge no defense against the claims of Charlotte Krenz, or of her heirs, that could not have been successfully urged by Chris Krenz. The declarations proven were against his interest in that the effect of them was to diminish his interest in the unsold portion of the community estate to the value of said four tracts of land.

[6] Appellants insist that inasmuch as Chris Krenz was the owner of one-half of the community estate, the deeds to Albert conveyed title to one-half of the lands, and therefore, as to such half Albert should be charged, if at all, only the value of such half at the time of the conveyance, and not such value at the time of the trial. Our view is that the deeds to Albert conveyed no equitable title to any portion of the land as against Mrs. Krenz, but that the same became and remained community property, and that before Albert will be allowed to participate in the partition of the remainder of the community estate, he must account for the present value of the four tracts of land of which he becomes the equitable as well as the legal owner by virtue of the partition of said estate.

For the reasons stated in our former opinions herein, as well as those stated in this opinion, appellants' motion for a rehearing is overruled.

*Motion overruled.*